IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TODD D. WILKINSON                                                                    PLAINTIFF

v.                                  Case No.: 4:07-cv-4098

LOUISE PHILLIPS                                                      DEFENDANT

**MEMORANDUM OPINION**

        Todd Wilkinson (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on October 24, 2007. (Doc. 1). Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date. (Doc. 2). On April 7, 2008, Defendant filed a Court-ordered Motion for Summary Judgment (Doc. 14), which is the issue now before the Court on consent of the parties. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. 9). Pursuant to this authority, the Court issues this Order.

### I. Background

        Plaintiff's claims stem from the time he was incarcerated at the Hempstead County Detention Facility. Plaintiff alleges he was denied access to the law library to research and pursue claims regarding misdemeanor charges in Texas, for which he had no attorney. (Doc. 23). Plaintiff claims Defendant told him there was a law library but the inmates could not use it due to previous inmate destruction. (*Id.* at ¶ 1). As a result of this denial, Plaintiff claims he could not file a Motion for time served or to get his bond dropped or reduced. (*Id.* at ¶3.) Plaintiff did have an attorney for separate charges in Arkansas and was allowed access to his attorney for those charges. (*Id.*)

### II. Discussion

        Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the

inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendant in her official and personal capacity. Plaintiff's official capacity claims are tantamount to suing Hempstead County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff in this case appears to allege Hempstead County had a custom or policy of not allowing inmates access to the law library, due to prior inmate destruction. Assuming such a policy exists, that policy would not, standing alone, be unconstitutional. "Prison officials may not deny or obstruct an inmate's access to the courts to present a claim." *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir.1993) (citing *Bounds v.*

*Smith,* 430 U.S. 817, 821 (1977) and *Johnson v. Avery,* 393 U.S. 483, 485 (1969)).  However, it is clearly established that meaningful access to the courts is broader than access to a law library.  *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (inmate unable to prevail on a denial of access to courts claim even where the denial of access to library was complete and systematic).

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828.  Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation.  *See also Entzi v. Redmann* 485 F.3d 998, 1004 -05 (8th Cir. 2007).

In this case, Plaintiff was allowed access to his attorney for the charges in which he had representation.  Plaintiff has not presented evidence or an argument that all inmates proceeding pro se were denied access to the courts.  The record shows no evidence of any policy or procedure which would deny pro se inmates at Hempstead County access to the courts.  As such, no genuine issue of material fact exists.

Thus, Defendant's Motion for Summary Judgment regarding Plaintiff's official capacity claims should be **GRANTED**.

### B. Individual Capacity Claims

"Prison officials may not deny or obstruct an inmate's access to the courts to present a claim." *McMaster,* 984 F.2d at 953 (citing *Bounds,* 430 U.S. at 821 and *Johnson*, 393 U.S. at 485).  However, an inmate has no standing to pursue an access claim unless he can demonstrate that he suffered prejudice or actual injury as a result of the prison officials' conduct.  *Lewis,* 518 U.S. at 351-52; *McMaster,* 984 F.2d at 953. To show actual injury, an inmate must:

"[D]emonstrate that the alleged shortcomings in the library or legal assistance program hindered

his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."
*Lewis*, 518 U.S. at 351; *see also Farver v. Vilches,* 155 F.3d 978, 979 -980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic)).

In this case, a material issue of fact exists as to whether Plaintiff was denied access to the courts. Given the facts as alleged by Plaintiff, he was given no access to legal assistance or a law library for his misdemeanor charges in Texas. Defendants dispute these facts. A material issue of fact also exists as to whether Plaintiff suffered actual injury or prejudice because he was unable to file a motion for a bond reduction or for time served. Thus, Defendant's Motion for Summary Judgment on Plaintiff's claims of denial of access to the law library should be **DENIED**.

### III. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. 14) is **GRANTED** in part and **DENIED** in part. Defendant's Motion is granted as to Plaintiff's official capacity claims and denied as to Plaintiff's individual capacity claims.

The previous Order of the Court (Doc. 21), which continued the bench trial scheduled in this case until further notice shall remain in effect in all respects.

**IT IS SO ORDERED** this 8th day of October 2008.

    /s/ Barry A. Bryant  
    HON. BARRY A. BRYANT  
    U.S. MAGISTRATE JUDGE